# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60421

United States Court of Appeals
Fifth Circuit

**FILED**
June 11, 2018

Lyle W. Cayce
Clerk

AMY GOLEY,

      Plaintiff - Appellant

v.

ELWOOD STAFFING, INCORPORATED; MICHAEL STOCKARD, JR.,

      Defendants - Appellees

Appeal from the United States District Court for the
Southern District of Mississippi
USDC No. 3:15-CV-277

Before CLEMENT, HIGGINSON, and HO, Circuit Judges.

PER CURIAM:*

Amy Goley, a recovering alcoholic, was terminated in October 2014 promptly upon returning from an Odessa, Texas oil and gas trade show to the Oklahoma City office of her employer, Elwood Staffing, Inc. Goley filed for unemployment benefits with the Oklahoma Employment Security Commission (OESC) and also initiated this lawsuit, alleging discrimination, retaliation, and harassment in violation of the Americans with Disabilities Act (ADA), as

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

well as defamation.  She now appeals the district court's grant of Elwood's motion for summary judgment as to all claims, as well as its denial of her partial motion for summary judgment.

"This court reviews a grant of summary judgment *de novo*, applying the same standard as the district court."  *Romero v. City of Grapevine*, 888 F.3d 170, 175 (5th Cir. 2018) (citing *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014)).  Furthermore, we note that "[a]n appellant abandons all issues not raised and argued in its *initial* brief on appeal."  *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) (citing *United Paperworkers Int'l Union v. Champion Int'l Corp.*, 908 F.2d 1252, 1255 (5th Cir. 1990)).  Because Goley failed to raise the defamation claim in her initial brief, we only consider the district court's grant of summary judgment for Elwood as to Goley's ADA claims.

In adjudicating Elwood's motion for summary judgment on Goley's ADA claims, the district court presented a clear analysis and a faithful application of our precedents.  The district court reasoned that Goley failed to present competent evidence for at least one essential element for each of her ADA claims of employment discrimination, harassment, and retaliation.  We are persuaded by the district court's careful reasoning.  Because Goley failed to provide more than "mere conclusory allegations . . . [that] are insufficient . . . to defeat a motion for summary judgment," we affirm the district court's grant of summary judgment for Elwood as to each ADA claim.  *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996) (citing *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992)).

We turn now to Goley's appeal of the district court's denial of her cross-motion for partial summary judgment, in which she argued that OESC's factual findings as to whether she engaged in any misconduct that would justify her termination must be given preclusive effect for purposes of her ADA

claims. Even assuming, *arguendo*, that this appeal were properly before us as an appealable interlocutory order and that the OESC's factual findings should be given preclusive effect, Elwood would still be entitled to summary judgment. The sole issue on which Goley sought partial summary judgment was the OESC Appeal Tribunal's finding that Elwood "failed to meet [its] burden to show that the claimant was discharged for acts which constitute misconduct." But the district court granted summary judgement on Goley's three ADA claims because she failed to present evidence that: (1) she was replaced by a non-disabled person or treated less favorably than a non-disabled employee, (2) she was subjected to a hostile work environment, or (3) a causal connection existed between Goley's protected activity and Elwood's decision to transfer one of Goley's clients. The OESC Appeal Tribunal's finding of "misconduct"— as defined by Oklahoma law, for purposes of unemployment benefits eligibility in Oklahoma—is immaterial to these issues. Elwood is thus entitled to summary judgment, even if Goley's appeal of the district court's denial of her cross-motion for partial summary judgment were properly before us as an appealable interlocutory order, and even if the OESC's factual findings were to have preclusive effect.

Accordingly, we AFFIRM the district court's grant of summary judgment for Elwood as to all ADA claims.